UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FARAJALLAH SAGHIR,**<br><br>      Plaintiff,<br><br>v.<br><br>**WAYNE COUNTY; SGT. WHITE, in his individual and official capacities; OFFICER BIXLER, in his individual and official capacities; and DOES 1-10;**<br><br>      Defendants. | Case No.: |

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Farajallah Saghir, by and through undersigned counsel, and alleges the following against Defendants Wayne County Sheriff's Department, Sgt. White, in his Individual and Official Capacities, Officer Bixler, in his Individual and Official Capacities:

### INTRODUCTION

1.      This civil-rights action arises from the betrayal of an elderly citizen's faith in the badge. On a hot July morning, Defendants—sworn to protect—turned their authority into an instrument of humiliation and fear, unlawfully seizing and detaining an eighty-two-year-old man, coercing a medical intrusion, and leaving him shaken, disoriented, and dishonored.

2.      Plaintiff brings this action under 42 U.S.C. § 1983 to vindicate his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under Michigan law for false imprisonment and assault and battery.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

4. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Wayne County, Michigan.

## PARTIES

6. Plaintiff Farajallah Saghir is an eighty-two-year-old resident of Dearborn Heights, Michigan, a lifelong law-abiding citizen known for his quiet faith, his devotion to family, and his decades of service to his community.

7. Defendant Wayne County is a Michigan municipal corporation responsible for the policies, practices, supervision, and training of its law-enforcement officers, including those assigned to the Wayne County Sheriff's Office.

8. Defendant Sgt. White was, at all relevant times, a Wayne County Sheriff's deputy, acting under color of law.

9. Defendant Officer Bixler was, at all relevant times, a Wayne County Sheriff's deputy, acting under color of law.

10. DOES 1-10 were, at all times relevant, members of the Wayne County Sheriff's Department and acting within the course and scope of their employment.

## FACTS

11. On July 30, 2025, at approximately 10:15 a.m., Plaintiff drove his vehicle near the intersection of Joy Road and Ford Road in Wayne County, Michigan. The summer heat was already oppressive—around 80 degrees with the humidity and rising.

12. Plaintiff suffers from chronic heart and mobility conditions. He has never consumed alcohol in his life. He was running a simple errand—buying groceries for his family.

13. Without warning, Defendants pulled him over. They accused him of nearly striking an officer and demanded to know if he was drunk. "Drunk?" he laughed nervously. "I never drank in my life."

14. Plaintiff removed his glasses as ordered. When told to blow into a breath device, he tried repeatedly, but age and illness made his breath weak. "That's all I can do," he said. "That's all I can do."

15. Rather than show understanding or seek medical help, Defendants treated this frail man as a criminal. They ordered him into the back of a patrol car, slammed the door, and locked it.

16. For nearly two hours—between roughly 10:30 a.m. and 12:30 p.m.—Plaintiff sat trapped in the stifling vehicle. He struggled to breathe in the hot vehicle. His pleas were ignored.

17. He knocked on the window again and again, begging for air, for water, for a phone call. Again, his pleas were ignored.

18. Inside his car sat fresh groceries—milk, vegetables, meat—purchased for his household. Without lawful cause, Defendants had the vehicle towed away, spoiling the food and seizing his personal property.

19. When a supervisor, later identified as Sgt. White, arrived, Plaintiff hoped compassion had come. Instead, the officer continued the charade. He claimed not to know why Plaintiff had been stopped, yet ordered that Plaintiff be taken for a blood draw.

20. At the hospital, surrounded by uniformed deputies, Plaintiff was told he must submit to a blood test or face charges. Exhausted, frightened, and limited in English, he answered, "Do whatever you want to do." This was not consent—it was surrender.

21. No citation, ticket, or charge was ever filed. When Defendants were finished, they simply let him go. His dignity, faith in the police, and sense of safety were left behind in that patrol car.

22. The experience left Plaintiff humiliated, trembling, and distrustful of the officers sworn to protect him. The encounter turned an innocent errand into a two-hour ordeal of fear, confusion, and physical distress.

## CAUSES OF ACTION

### Count I
### Unlawful Seizure / Wrongful Arrest (Fourth Amendment, 42 U.S.C. § 1983)

23. Plaintiff incorporates all preceding paragraphs herein as fully alleged.

24. Defendants lacked probable cause or reasonable suspicion to seize Plaintiff.

25. Defendants unlawfully detained and arrested Plaintiff in violation of the Fourth Amendment.

### Count II
### Unlawful Prolonged Detention (Fourth Amendment, 42 U.S.C. § 1983)

26. Plaintiff incorporates all preceding paragraphs herein as fully alleged.

27. Plaintiff was held in a patrol car for nearly two hours without justification.

28. Such prolonged detention violated clearly established Fourth Amendment protections.

## Count III
### Unlawful Search (Blood Draw) (Fourth and Fourteenth Amendments, 42 U.S.C. § 1983)

29. Plaintiff incorporates all preceding paragraphs herein as fully alleged.

30. Plaintiff's alleged consent to a blood draw was coerced under threat of criminal prosecution.

31. The blood draw constituted an unlawful search and deprivation of liberty.

## Count IV
### Due Process Violation (Fourteenth Amendment, 42 U.S.C. § 1983)

32. Plaintiff incorporates all preceding paragraphs herein as fully alleged.

33. Arbitrary detention, coercion, and medical intrusion deprived Plaintiff of liberty without due process of law.

## Count V
### False Imprisonment (Michigan Law)

34. Plaintiff incorporates all preceding paragraphs herein as fully alleged.

35. Defendants intentionally restrained Plaintiff's freedom of movement without legal justification.

## Count VI
### Assault and Battery (Michigan Law)

36. Plaintiff incorporates all preceding paragraphs herein as fully alleged.

37. The compelled blood draw constituted unlawful offensive physical contact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages against the individual Defendants;

C. Declaratory relief that Defendants' conduct violated Plaintiff's rights;

D. Attorneys' fees and costs under 42 U.S.C. § 1988;

E. Any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted:

*/s/ Haytham Faraj*
Haytham Faraj
Law Offices of Haytham Faraj, PLLC
1935 W. Belmont Avenue
Chicago, IL 60657
312-635-0800
Haytham@Farajlaw.com